IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARRY OWENS, | : |
| Plaintiff, | : Case No. 03-CV-696 |
| v. | : JUDGE ALGENON L. MARBLEY |
| CITY OF COLUMBUS, et al, | : Magistrate Judge Kemp |
| Defendants. | : |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Garry Owens' Motion for Reconsideration. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff has asked this Court to reconsider the magistrate judge's order denying Plaintiff's Motion to Amend his Complaint. For the following reasons, Plaintiff's Motion for Reconsideration is **DENIED.**

**II. BACKGROUND**

On June 18, 2003, Plaintiff filed a Complaint against Defendants, the City of Columbus ("Defendant City") and several Columbus city police officers, both in their individual and official capacities ("Defendant Officers"). In the original Complaint, Plaintiff alleged three claims: a common law claim of assault and battery against Defendant Officers, a claim under 42 U.S.C. § 1983 against Defendant Officers, and a claim under 42 U.S.C. § 1983 against Defendant City.

On November 17, 2004, Plaintiff moved this Court for leave to amend his Complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In its proposed amended

Complaint, Plaintiff added, *inter alia*, a fourth claim for negligent hiring and retention by Defendant City ("Claim Four"). Pl.'s Am. Compl. 5. In response, Defendants filed a memorandum contra, opposing the addition of Claim Four and arguing that because O.R.C. § 2744.02 grants municipalities governmental immunity against state claims, Ohio law does not recognize a claim for "negligent hiring and retention" brought against a municipality. Therefore, according to Defendants, the proposed amendment, with respect to Claim Four, would be futile.

On March 10, 2005, Magistrate Judge Kemp denied Plaintiff's Motion to Amend, finding that under O.R.C. § 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury . . . caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Order Denying Plaintiff's Motion to Amend Complaint* ("Order"), No. 2:03-cv-00696 (S.D. Ohio Mar. 10, 2005). Magistrate Judge Kemp reasoned that, while O.R.C. § 2744.02(B)(2) provides an exception to immunity when the political subdivision has engaged in proprietary functions, as distinguished from governmental functions, section 2744.01(C) defines "the provision or non-provision of police [services]" and "the enforcement or nonperformance of any law" as governmental functions. Order at 6. Thus, Magistrate Judge Kemp rejected Plaintiff's argument that retention and hiring are proprietary functions because they are not specifically listed as governmental functions in O.R.C. § 2744.01(C)(2)(a).

On March 21, 2005, Plaintiff filed a Motion for Reconsideration of the Magistrate Judge's Order. Defendants filed a timely response to Plaintiff's Motion. Accordingly, this matter is ripe for decision.

### III. STANDARD OF REVIEW

Under Rule 72(a), a party who timely objects to a magistrate judge's order may request the presiding district judge to reconsider such order. FED. R. CIV. P. 72(a). The district judge shall consider the party's objections and shall modify or set aside any portion of the magistrate judge's order it finds to be clearly erroneous or contrary to law.

Generally, motions for reconsideration are looked upon with disfavor, unless the moving party demonstrates one of the following: (1) a manifest error of law; (2) newly discoverable evidence which was not previously available to the parties; or (3) intervening authority. *Meekison v. Ohio Dep't of Reh. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985)). "Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. *Id*. Furthermore, "mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration." *Id*.

### IV. ANALYSIS

Plaintiff's first argument in support of his Motion for Reconsideration is that O.R.C. § 2744.02 does not provide the government immunity from lawsuits that arise from federal statutes or the United States Constitution. Pl.'s Supp. 2 (citing *Hale v. Vance*, 267 F. Supp. 2d 725, 737 (2003)).[1] Plaintiff contends that because he has alleged several constitutional violations, and because "[t]he negligent hiring and retention by the Defendant [City] is a product of the City of

---

[1] Plaintiff refers to O.R.C. § 2744.03 as the relevant statutory provision in the memorandum supporting his Motion for Reconsideration. The Court presumes Plaintiff intended to cite O.R.C. § 2744.02, which grants governmental immunity for political subdivisions.

Columbus's constitution violations of the Plaintiff's rights," Plaintiff should be allowed to proceed with Claim Four.

Plaintiff, in making his argument, assumes that because he has alleged previously a cognizable federal claim under 42 U.S.C. § 1983, he is now entitled to characterize Claim Four, which allegedly arose from the same event, as a federal claim also. This position is incorrect as a matter of law. In *Woods v. City of Wellston*, the plaintiff filed suit for alleged police brutality against the City of Wellston, five police officers, a former police chief, and other city officials under 42 U.S.C. § 1983, alleging constitutional violations, and under several state laws. 2005 WL 1406105, at *1 (S.D. Ohio June 15, 2005). Although the defendant-officers in that case argued that they were immunized from the plaintiff's constitutional claims, the district court permitted the case to proceed with respect to the plaintiff's excessive force claim against the defendant-officers. *Id.* at 8-10. The court, however, subsequently dismissed several of the state law claims, which arose from the same instance of alleged police brutality, including a claim of negligent hiring and retention, due to the defendants' immunity under O.R.C. § 2744.02(A). *Id.* at 17–20.

In his proposed amended Complaint, Plaintiff asserts a state law claim of assault and battery, two federal claims under 42 U.S.C. § 1983, and a new claim titled "Negligent Hiring and Retention by the City of Columbus." Pl.'s Am. Compl. 3–5. Although Plaintiff created some confusion as to the nature of Claim Four, Magistrate Judge Kemp determined that this claim was, in fact, one for negligent hiring and retention by the City of Columbus, which arises under state law. Order at 4; *see also Lane v. City of Columbus*, 2005 WL 2250680, at *1 ("Under Ohio law, plaintiff brings claims against the City for negligent hiring and retention . . ."); *Woods*, 2005 WL

4

1406105, at *1 ("[Plaintiff] also brought [two] state law claims of . . . negligent hiring, supervision, investigation, training, and retention . . . ."). Like the plaintiff in *Woods*, Plaintiff's federal and state law claims arise out of one instance of alleged police brutality.

This Court finds that O.R.C. § 2744.02(A) does not grant Defendants governmental immunity from Plaintiff's claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights, and as such, these claims may survive. Claim Four, however, is not one "arising out of federal statutes or the United States Constitution," but rather a claim that arises out of state common law. The fact that Plaintiff has cognizable claims under federal law does not alter the effect of Defendant City's statutory immunity from lawsuits against it under state law, even though the state and federal claims arise from the same instance of alleged police brutality. Therefore, Plaintiff's first argument lacks merit.

Alternatively, Plaintiff argues that because the hiring and retention of police officers is a proprietary function because it is not specifically listed in the statute as a governmental function, and therefore, it "clearly falls within the (B)(2) exception" under O.R.C. § 2744.02. This is the same argument Plaintiff asserted when he first moved the Court to amend his Complaint, and Magistrate Judge Kemp explicitly rejected it. Order at 7-8. This Court will not grant a party's motion for reconsideration when that party presents the same argument or when that party is merely dissatisfied with the court's previous ruling. *Meekison*, 181 F.R.D. at 572 (finding that, unless a party's motion for reconsideration argues a manifest error of law or presents newly discovered evidence, "this Court strongly believes that the [party's energy] can better be served by pursuing [its] reargument[] at the proper time on appeal.") (internal citation omitted).

Because Plaintiff's alternative argument simply revives his previous assertion, it is also unpersuasive.

Plaintiff has not demonstrated that any relevant law has changed since Magistrate Judge Kemp decided this issue, and Plaintiff has not alleged new facts that would destroy Defendants' entitlement to governmental immunity under O.R.C. § 2744.02.[2] This Court will not mdify or set aside any portion of Magistrate Judge Kemp's previous order because Plaintiff has not met its burden under Rule 72(a).

---

[2] The Court has identified two decisions from this District which find O.R.C. § 2744.02 unconstitutional. *See Owensby v. City of Cincinnati*, 385 F. Supp. 2d 626, 629-31 (S.D. Ohio 2004); *Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 660-62 (S.D. Ohio 2003). Subsequent decisions from this District, as well as decisions from Ohio appellate courts, however, have explicitly rejected this precedent and have continued to find governmental entities immune under O.R.C. § 2744.02. *See, e.g., Samples v. Logan County*, 2006 WL 39265, at *11 (S.D. Ohio Jan. 6, 2006); *Armstrong v. United State's Bank*, 2005 WL 1705023, at *9 (S.D. Ohio July 20, 2005); *Nagel v. Horner*, 833 N.E.2d 300, 302-03 (Ohio Ct. App. 2005). Notably, Plaintiff has not challenged the constitutionality of O.R.C. § 2744.02 in his Motion for Reconsideration. Therefore, the Court will not address the constitutionality of O.R.C. § 2744.02 in this Opinion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**. Also, on July 7, 2005, Magistrate Judge Kemp issued an Order extending the discovery cut-off date until ninety days after this ruling and extending the summary judgment filing date until 120 days after this ruling. Therefore, Plaintiff's previously filed Motion to Stay Discovery is **MOOT**.

**IT IS SO ORDERED.**

> /s/ Algenon L. Marbley
> **ALGENON L. MARBLEY, JUDGE**
> **United States District Court**

**DATE: March 27, 2006**